377 S.E.2d 473

**Nancy M. GANT, et al.**

**v.**

**Constance WAGGY, Principal, et al.**

**and**

**Sue H. HARPER, et al.**

**v.**

**Constance WAGGY, Principal, et al.**

**No. 18266.**

Supreme Court of Appeals of
West Virginia.

Nov. 30, 1988.

Rehearing Denied Feb. 22, 1989.

Daniel C. Staggers, Staggers & Webb, Keyser, Charles R. Garten, Charleston, for appellant.

V. Alan Riley, Keyser, for appellees.

PER CURIAM:

This is an appeal by Nancy M. Gant and certain other teachers at the Franklin Elementary School in Franklin, West Virginia, from a decision of the Circuit Court of Pendleton County interpreting *W. Va. Code*, 18A–4–14, a statute which mandates that public school teachers be provided with a "planning period" during the school day. The appellants, in their proceeding before the lower court, took the position that the statute required that they, as teachers, be provided with a single planning period at least as long as their usual teaching period. The circuit court, in effect, ruled that the planning period could be broken into different segments so long as one segment was at least thirty minutes long. After reviewing the record this Court believes that the lower court erred and reverses its decision.

The appellants, who were teachers at Franklin Elementary School in Pendleton County, instituted a grievance procedure alleging, among other points, that each upper grade teacher at Franklin Elementary School was entitled to a daily, duty-free planning period of at least fifty-six consecutive minutes, and that each lower grade teacher was entitled to a daily duty-free planning period of at least forty-five consecutive minutes. They claimed that they were not provided with such planning periods.

The grievance was taken through the four steps of the proscribed grievance procedure, and at the fourth level of the procedure a hearing examiner concluded that the usual class period at Franklin Elementary School was forty-three minutes long and that the lower grade teachers were denied a daily planning period, which was at least forty-three minutes long. The hearing examiner found that the upper grade teachers did have a planning period which was forty-three minutes long. He further concluded that under *W. Va. Code*, 18A–4–14(2), every teacher at the school was entitled to one planning period which was forty-three consecutive minutes in length. Because of his findings, the hearing examiner recommended that the Board of Education direct the Pendleton County Superintendent of Schools to arrange the rescheduling of work hours for the teachers at Franklin Elementary School to provide the necessary planning periods.

The Board of Education appealed the hearing examiner's decision to the Circuit Court of Pendleton County, and the court, after considering the transcripts made during the grievance procedures and various memoranda and other documents submitted by the parties, concluded that the hearing examiner erred in finding that the teachers were entitled to an uninterrupted planning period. The court noted that the upper grade teachers were provided with at least forty-three minutes of planning time per day, although that planning time was not in one consecutive period. The court noted that each teacher had at least one-half hour of consecutive planning time, and, in effect, the procedure followed by the Pendleton County school system was proper under *W. Va. Code*, 18A–4–14. It is from that decision that the appellants now appeal.

*West Virginia Code*, 18A–4–14(2), the section which contains the statutory language at the statute at the center of the present controversy, provides that:

> Every teacher who is regularly employed for a period of time more than one half the class periods of the regular school day shall be provided at least one planning period within each regular school day to be used to complete necessary preparations for the instruction of pupils. Such planning period shall be the length of the usual class period in the school to which such teacher is assigned, and shall be not less than thirty minutes.... [A]ny substitute teacher who is employed to teach a minimum of two consecutive days in the same position shall be granted a planning period pursuant to this section.

In approaching the interpretation and application of this statutory language, this Court is bound by the basic rule that:

> When a statute is clear and unambiguous and the legislative intent is plain, it is the duty of the courts to apply the statute in accordance with the legislative intent therein clearly expressed.

Syllabus point 7 of *State v. Bragg*, 152 W.Va. 372, 163 S.E.2d 685 (1968). Also, this Court is required to give effect to what it considers the legislative intent to be and will not change the plain language employed in framing the statute unless there is an impelling reason to do so. *State v. Hix*, 132 W.Va. 516, 54 S.E.2d 198 (1949).

In *W. Va. Code*, 18A–4–14, the Legislature has indicated that there will be at least one planning period within each regular school day and that "such planning period shall be the length of the usual class period in the school to which the teacher is assigned and shall not be less than thirty minutes." This Court believes that the plain meaning of this language is inescapable. Each teacher must be provided with at least one planning period of the length of the usual class period in the school, but no shorter than thirty minutes.

In arguing that the plain meaning of the statute should not be applied, the appellees have suggested that providing the teachers with a planning period at least the length of a regular school period might cause scheduling and personnel disruption in the Pendleton County schools. This Court does not find this to be so impelling a reason as to permit deviation from the Legislature's obvious intention. The Court believes that there are valid reasons for providing a teacher with a sufficiently long and uninterrupted planning period, the most salient of which is to afford the teacher with an opportunity to review, organize, and reflect on the material which is to be taught. Teaching is the fundamental function of the schools, and this Court believes that the obvious benefit of the provision of an appropriate planning period on the teaching process outweighs the negative scheduling effect that compliance with the legislative mandate might entail.

The legislative requirement is that the planning period be at least the length of the usual class period in the school where the teacher is assigned. It appears that in the Franklin Elementary School there are actually two rather separate divisions and that teachers in the upper division teach for more lengthy periods than those in the lower divisions. To this Court, it seems obvious there is some correlation between the amount of planning required and the length of time a teacher will teach. The longer a teaching period, the more preparation required. In tying the length of the planning period to the length of the teaching period, it appears that the Legislature considered that correlation and intended that teachers who taught for longer periods be provided with more planning time.

Under the circumstances, this Court believes that the teachers in the Franklin Elementary School who teach in the upper division and teach for longer periods should be afforded planning periods equal to their teaching periods, and likewise teachers who teach in the lower division for shorter periods should also be provided with planning time equal to their teaching time.

For the reasons stated, the judgment of the Circuit Court of Pendleton County is reversed and this case is remanded to the circuit court with directions that the court direct the Pendleton County school system to provide its teachers with planning periods, at least one of which is equal in length to time actually spent in the classroom teaching period.

REVERSED AND REMANDED WITH DIRECTIONS.