524 S.E.2d 712

**John HOUYOUX, d/b/a Aerolease, Petitioner Below, Appellee,**

v.

**James H. PAIGE, III, Respondent Below, Appellant.**

No. 26214.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 1999.

Decided Dec. 3, 1999.

Stephen Stockton, Assistant Attorney General, Attorney General's Office, Charleston, West Virginia, Attorney for Appellant.

David A. DeJarnett, Michael E. Caryl, Bowles Rice McDavid Graff & Love, PLLC, Martinsburg, West Virginia, Attorneys for Appellee.

STONE, Judge:

Appellant Joseph M. Palmer, State Tax Commissioner of the State of West Virginia ("Tax Commissioner")[1] appeals from the December 16, 1998, order of the Circuit Court of Berkeley County, finding that Appellee John Houyoux ("Taxpayer") had timely filed a claim for a refund of sales taxes.[2] The Tax Commissioner asserts that the circuit court erred in concluding that the applicable statute of limitations for claiming a refund of sales taxes pursuant to West Virginia Code § 11–10–14($l$)(1) (1999)[3] is three years from the date the return is due to be filed by the vendor. After fully examining this issue of statutory interpretation, we conclude that the circuit court did not err in making its ruling, and accordingly, we affirm.

I.   Factual and Procedural Background

While the parties agree that there are no factual disputes in need of resolution, a brief recitation of the factual and procedural background of this matter is necessary to the discussion of this case. Taxpayer is involved in a business, Aerolease, which leases aircraft and repair parts. On July 6, 1994, Taxpayer filed a claim for refund[4] with the State Department of Tax and Revenue ("Tax Department") through which he sought refunds of various sales taxes paid in the aggregate amount of $7, 141.39 plus interest for the periods of April 5, 1991, to May 3, 1994.[5] The Tax Department disallowed the refund request with regard to those sales taxes paid prior to July 6, 1992,[6] based on its position that a two-year statute of limitations controlled under the provisions of West Virginia Code § 11–10–14($l$)(1). Taxpayer instituted an administrative appeal of the disallowed amount by filing a petition for refund on September 22, 1994, with the Tax Department.[7] By administrative order entered on April 20, 1998, the Tax Commissioner upheld the Tax Department's position that the applicable limitations period under West Virginia Code § 11–10–14–($l$)(1) was a two-year period.[8] On or about May 28, 1998, Taxpayer sought relief from the administrative decision by appealing to the Circuit Court of Berkeley County.

Upon its review of the matter, the circuit court determined that the applicable limitations period is a three-year period when the vendor has filed the required sales tax return, and alternatively, a two-year period when the vendor fails to file the required sales tax return. Since the vendor did file the required sales tax returns for the purchases Taxpayer made from June 1991 to April 1992,[9] the circuit court ruled that Tax-

---

1.  Mr. Palmer is the successor Tax Commissioner to the original petitioner, James H. Paige III.

2.  While the circuit court did disallow a minor portion of Taxpayer's claim for refund—those claims pertaining to purchases made between April 5, 1991, to May 15, 1991—the court found that the remaining claims were timely filed.

3.  Although the statute at issue in effect at the time of the relevant tax petitions was the 1978 version, the amendments made to the statute in 1996—the current version of W.Va. § 11–10–14–($l$)(1)—did not alter the provisions under consideration.

4.  Taxpayer filed its refund request pursuant to the procedures set forth in West Virginia Code § 11–10–14(c).

5.  The basis for the refund request was Taxpayer's belated discovery that he was exempt from pay-

ing sales tax since the purchases at issue were sales for resale. See W. Va.Code § 11–15–9(j) (1995).

6.  By letter dated July 26, 1994, the Tax Department approved Taxpayer's refund, in part, for the amount of $1,220.82, and disapproved the remaining $5,920.57 of the request.

7.  See W.Va.Code § 11–10–14(d).

8.  The administrative law judge held that "pursuant to W. Va.Code § 11–10–14($l$)(1), a purchaser must file a claim for refund of consumers sales and service tax within two years after its payment of the tax, and not thereafter."

9.  Although the Taxpayer's claims for refund covered a period from April 1991 to May 1994, the circuit court was only considering the claims that were disallowed by the Tax Department—

payer's claim for refund was timely as the request fell within the applicable three-year limitations period. With regard to purchases Taxpayer made between April 5, 1991, to May 15, 1991, the lower court determined that those claims were outside the three-year limitations period and were thus, untimely filed. Appellant Tax Commissioner seeks a reversal of the circuit court's ruling, arguing that a two-year statute of limitations applies under the facts of this case.

## II. Discussion

■ At the center of this statutory dispute is the following language from West Virginia Code § 11–10–14(*l*)(1): [10]

*(l) Limitation on claims for refund or credit.*—(1) General rule.—**Whenever a taxpayer claims to be entitled to a refund or credit of any tax** (or fee), additions to tax, penalties or interest imposed by this article, or any article of this chapter, or of this code, administered under this article, paid into the treasury of this state, **such taxpayer shall,** except as provided in subsection (d) of this section, **file a claim for refund, or credit, within three years after the due date of the return in respect of which the tax (or fee) was imposed,** determined by including any authorized extension of time for filing the return, **or within two years from the date the tax, (or fee), was paid, whichever of such periods expires the later, or if no return was filed by the** *taxpayer,* **within two years from the time the tax (or fee) was paid, and not thereafter.**

*Id.* (emphasis supplied). At issue, is the third appearance of the term "taxpayer" and

those claims pertaining to taxes paid prior to July 6, 1992.

**10.** West Virginia Code § 11–10–14(*l*)(1) is a general provision that applies, *inter alia,* to claims for refunds of not only sales taxes, but also estate taxes, franchise taxes, personal income taxes, business and occupation taxes, use taxes, cigarette taxes, soft drink taxes, and gasoline taxes. *See* W. Va.Code § 11–10–3(a) (1999).

**11.** Since both the vendor and the purchaser have obligations to "pay" the sales tax, the vendor is

its respective meaning. Tax Commissioner claims that the term in each of its three statutory uses refers to the taxpayer who is seeking the refund. While conceding that the first two usages clearly refer to the taxpayer seeking the refund, Taxpayer claims that the third usage of "taxpayer" signifies the vendor who is actually responsible for filing the sales tax return.

To support its position, Tax Commissioner looks almost exclusively to the statutory language which states, "if no return was filed by the taxpayer" and provides for a corresponding two-year limitations period in such instances. Since Taxpayer did not file a tax return relative to the sales taxes at issue, Tax Commissioner contends that the third statutory use of the term "taxpayer" must refer to the taxpayer seeking the refund. By construing the phrase "if no return is filed" in this fashion, Tax Commissioner suggests that you eliminate any need to examine the statutory language which precedes the third usage of the term "taxpayer." Tax Commissioner argues that the circuit court's employment of alternate definitions for the term "taxpayer" renders the provision internally inconsistent and results in a limitations period that varies depending on the actions of the vendor. Tax Commissioner advocates interpreting the term "taxpayer" in West Virginia Code § 11–10–14(*l*)(1) as uniformly referring to the individual or corporate entity seeking the refund. Under this approach, which permits consistency in application and eliminates reference to the conduct of third parties, economic taxpayers,[11] such as Mr. Houyoux, would always be subject to a two-year statute of limitations since they are never responsible for filing sales tax returns.[12]

typically labeled the statutory taxpayer, based on its obligation to collect the tax, whereas the purchaser is designated the economic taxpayer because the purchaser bears the actual burden of paying the tax.

**12.** Although West Virginia Code § 11–10–14(*l*)(1) pertains to refunds of taxes other than sales taxes, the parties agree that the statutory interpretation under consideration is confined to those instances where a sales tax refund is at issue. *See infra* note 16.

As further support for its position, Tax Commissioner cites *High Power Energy v. Paige*, No. 92–AA–24 (1993), a Kanawha County Circuit Court decision in which the court determined that "the applicable limitations period for refund of consumer sales and service tax is two years from the date the statute began to run."[13] Since this Court did not grant the petition for appeal filed in that case, Tax Commissioner argues that *High Power* is persuasive authority on this issue and we should accordingly defer to the Tax Department's decision to employ a two-year limitations period following the *High Power* ruling.[14] *See* Syl. Pt. 7, *Lincoln County Bd. of Educ. v. Adkins*, 188 W.Va. 430, 424 S.E.2d 775 (1992) (stating that " '[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous' ") (quoting Syl. Pt. 4, *Security Nat'l Bank & Trust Co. v. First W.Va. Bancorp, Inc.*, 166 W.Va. 775, 277 S.E.2d 613 (1981)).

Maintaining that the circuit court reached the correct decision, Taxpayer argues that the term "taxpayer" carries dual meanings under the statute.[15] The term refers to either the purchaser or vendor, depending on the term's usage in reference to the terms which accompany it in each of the three places that "taxpayer" is used in West Virginia Code § 11–10–14(*l*)(1). *See Banner Printing Co. v. Bykota Corp.*, 182 W.Va. 488, 491, 388 S.E.2d 844, 847 (1989) (discussing doctrine of *noscitur a sociis*, which requires that a term's meaning be ascertained in reference to the "meaning of words or phrases with which the questioned language is associated"). Taxpayer agrees with the Tax Commissioner that the first two statutory references are indisputably to the taxpayer who is seeking the refund. When you examine the words accompanying the term "taxpayer" in its third usage, however, Taxpayer argues it is clear that the term refers, in this instance, to the vendor taxpayer who has the responsibility for filing the subject sales tax return.[16] *See* W. Va.Code § 11–10–4(f) (1999). Only in the third instance is the term "taxpayer" used in reference to the filing of a return. Since the vendor is the party obligated to file a sales tax return, Taxpayer argues that it stands to reason that the third usage of "taxpayer" must connote the vendor and not the taxpayer seeking the refund.

▮ Conceding that his interpretation renders the limitations period malleable based on facts outside the knowledge or control of the individual taxpayer, Taxpayer nonetheless insists that his interpretation is preferential to the one advanced by Tax Commissioner.[17] Taxpayer posits that to

---

**13.** The circuit court determined additionally that the limitations period begins to run from the time the tax was paid.

**14.** In actuality, the Tax Commissioner states that it has been applying a two-year statute of limitations to claims for refunds of sales taxes since at least 1978.

**15.** Taxpayer observes that the term "taxpayer" is defined by the statutes pertaining to the imposition of the consumers sales tax as "any person liable for the tax imposed by this article." W.Va. Code § 11–15–2(v) (Supp.1999). Although the purchaser is the original party liable for the tax, West Virginia Code § 11–15–4 (1995), the vendor becomes personally liable for the tax if it fails to collect the tax from the purchaser. *See* W. Va. Code § 11–15–4a (1995). Thus, Taxpayer argues that the statutes, when read in *pari materia*, clearly allow either the purchaser or the vendor to be considered the taxpayer since, dependent on the applicable factual scenario, either entity can be held "liable" for the sales tax.

**16.** We acknowledge that the tax return in question in other cases applying West Virginia Code

§ 11–10–14(*l*)(1) will not always be a return for which a party other than the taxpayer seeking the refund has the responsibility for filing. For example, if the refund sought was for income taxes, then the third "taxpayer" reference would refer to the taxpayer seeking the refund. We cannot avoid or eliminate the fact that the term "taxpayer" has to be defined in each case dependent on the nature of the tax and whose responsibility it is to file the accompanying return. Our discussion and holding in this case is, therefore, necessarily limited to those instances, like the one under discussion, which involve sales taxes that are paid to another party who has the responsibility for filing the respective tax returns.

**17.** Taxpayer contends that the mere possibility that the economic taxpayer would be "penalized" by virtue of the vendor's failure to file a sales tax return and consequent reduction of the limitations period to two years is still preferential in comparison to Tax Commissioner's interpretation which imposes a so-called "penalty" in each and every case.

view the statute as Tax Commissioner suggests would require a wholesale disregard of portions of West Virginia Code § 11–10–14(*l*)(1). This approach, according to Taxpayer, is in conflict with this Court's stated position of "interpret[ing] statutes to give practical effect to all their clauses, if possible." *Ye Olde Apothecary v. McClellan*, 163 W.Va. 19, 22, 253 S.E.2d 545, 547 (1979); *accord Belt v. Cole*, 172 W.Va. 383, 385, 305 S.E.2d 340, 342 (1983) (stating "[o]ur rules of statutory construction require us to give meaning to all provisions in a statutory scheme, if at all possible"). We stated this same proposition more forcefully in *Bullman v. D & R Lumber Co.*, 195 W.Va. 129, 464 S.E.2d 771 (1995), in recognizing that "courts are not at liberty to construe any statute so as to deny effect to any part of its language[ ]" and "[i]ndeed, it is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word." *Id.* at 133, 464 S.E.2d at 775. By adopting his approach of viewing the term "taxpayer" as a term that takes its meaning from those words around it, Taxpayer argues that meaning is accorded to all parts of the statute, rather than just a portion of West Virginia Code § 11–10–14(*l*)(1), and the statutory emasculation required by the Tax Commissioner's approach is thereby avoided.

We agree with Taxpayer that Tax Commissioner's interpretation renders much of the statutory language meaningless, as it applies to sales tax refunds.[18] In fact, Tax Commissioner's suggestion that the third reference is necessarily to the economic taxpayer,[19] based on the fact that the economic taxpayer will never have filed a sales tax return, clearly begs the question of what is meant by the term "taxpayer." One can just as easily conclude, as does Taxpayer, that since the vendor is the entity responsible for filing the sales tax return, the reference to a return not having been filed is instead to the vendor as the statutory "taxpayer" and *not* to the economic taxpayer. On balance, this conclusion and the position advocated by

Taxpayer appears more logical. Taxpayer's interpretation permits each of the three statutory uses of the term "taxpayer" to be applied based on the facts of a given refund claim scenario. As a general rule, the Legislature created a limitations period that is determined in reference to the "due date of the return in respect of which the tax was imposed." W.Va.Code § 11–10–14(*l*)(1). That statutory period of limitations is three years. As an alternative to using the due date of the return, and in clear anticipation of a filed return but delinquent payment of the tax due, the Legislature provided for a two-year limitations period "from the date the tax was paid." *Id.* With its use of the phrase "whichever of such periods expires the later," in reference to the due date of the sales tax return compared to the date the tax was paid, the Legislature clearly expressed a preference for a three-year period of repose provided the delineated statutory conditions are met. When, however, the point of reference that corresponds to the preferred three-year limitations period—the due date of the return—is unavailable because the vendor has failed to file a return, the Legislature determined that a two-year limitations period would control.

Principles of logic simply prevent this Court from concluding that the Legislature would have initially provided for a longer limitations period (i.e. three years from the return's due date) and at the same time, created a statutory mechanism for reducing the same limitations period *in all instances*, as Tax Commissioner advocates, to a shorter two-year period based on when the tax payment was made. Upon a full examination of the statute and its possible applications, we conclude that, pursuant to the provisions of West Virginia Code § 11–10–14(*l*)(1), a claim seeking a refund of sales taxes is subject to a three-year statute of limitations when the vendor to whom the sales tax was paid filed the sales tax return relative to the purchases at issue. When, however, the vendor fails to file the requisite sales tax return, the applica-

---

**18.** *See supra* note 16.

**19.** *See supra* note 11.

ble limitations period is two years from the date the purchaser paid the sales taxes.[20]

Based on the foregoing, the decision of the Circuit Court of Berkeley County is hereby affirmed.

Affirmed.

Justice SCOTT did not participate in the decision of the Court.

**20.** We are not constrained to defer to the position adopted by the Tax Commissioner following the *High Tower* decision. Because we determine that the Tax Commissioner's interpretation is not based on a permissible construction of the statute, we are not compelled to give deference to the agency's interpretation of West Virginia Code § 11–10–14(*l*)(1). *See City of South Charleston v. West Virginia Pub. Serv. Comm'n,* 204 W.Va. 566, 514 S.E.2d 622 (1999).