## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Leyzorek, Douglas H. Bernier,
and Charlotte W. Elza,
Defendants Below, Petitioners**

**FILED**

June 27, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**vs)  Nos. 13-1160, 13-1161, and 13-1182** (Pocahontas County 07-C-30)

**Pocahontas County Solid Waste Authority,
Plaintiff Below, Respondent**

## MEMORANDUM DECISION

In these consolidated appeals, petitioners, appearing *pro se*, appeal the October 18, 2013, order of the Circuit Court of Pocahontas County that awarded respondent summary judgment on its claims that petitioners owed past due "green box" fees. Respondent Pocahontas County Solid Waste Authority, by counsel David A. Sims and Gregory R. Tingler, filed a response. Each petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### FACTS AND PROCEDURAL BACKGROUND

In 2007, respondent sued several Pocahontas County residents, including petitioners, for non-payment of "green box" fees. The Mandatory Garbage Disposal Regulations ("MGDR's") [1] for Pocahontas County provided, in pertinent part, as follows:

Section 4.  MANDATORY DISPOSAL

4.2  Each person owning a residence in Pocahontas County shall either subscribe to and use a solid waste collection service operating in Pocahontas County and pay the fees established therefor or in lieu thereof

pay the Green Box fee and use the green boxes provided by the Pocahontas

---

[1] Because respondent sued for unpaid "green box" fees from 2001 through 2006, the relevant MGDR's were those that became effective in 1995.

1

County Solid Waste Authority.

\*     \*     \*

Section 6.     <u>WAIVER OF FEE</u>

6.1     The Green Box fee will be waived by the Pocahontas County Solid Waste Authority if the recipient of the bill provides proof to the authority by way of a receipt from a private hauler, who is operating in Pocahontas County, that their garbage is being picked up by a private hauler. A receipt must be provided for each month.

Because of the number of defendants involved in the case, respondent did not move for summary judgment with regard to petitioners until 2012. Pertinent to these appeals, the circuit court heard the parties' arguments at hearings occurring on December 12, 2012, and March 27, 2013. On October 18, 2013, the circuit court awarded respondent summary judgment in the following amounts: (1) a judgment against Petitioner Bernier for $49 in unpaid "green box" fees for 2006, plus $150 in statutory penalties, plus costs and pre- and post-judgment interest; (2) a judgment against Petitioner Leyzorek for $498 in unpaid "green box" fees for 2001 through 2006, plus $900 in statutory penalties, plus costs and pre- and post-judgment interest; and (3) a judgment against Petitioner Elza for $498 in unpaid "green box" fees for 2001 through 2006, plus $900 in statutory penalties, plus costs and pre- and post-judgment interest. Petitioners appeal the circuit court's October 18, 2013, order to this Court.

DISCUSSION

WHETHER SUMMARY JUDGMENT FOR RESPONDENT WAS APPROPRIATE

In Syllabus Point 1 of *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" Syl. Pt. 4, in part, *Id.* at 190, 451 S.E.2d at 756.

On appeal, petitioner raises a myriad of challenges to respondent's authority to assess and collect the "green box" fee. Respondent counters that a mandatory service fee for the collection of refuse has been upheld in both *City of Princeton v. Stamper*, 195 W.Va. 685, 466 S.E.2d 536 (1995), and an earlier Pocahontas County case where, in Supreme Court No. 070195, this Court refused Petitioner Bernier's appeal of the circuit court's September 12, 2006, order that awarded respondent a judgment against him for unpaid "green box" fees for 2001 through 2005.[2]

---

[2] The doctrine of res judicata does not bar Petitioner Bernier's appeal because the prior case and the instant case cover different time periods. The doctrine of collateral estoppel would

2

First, petitioners state that they do not use respondent's green boxes to dispose of their trash and assert that because they utilize alternative methods of disposal such as composting, recycling, and taking garbage to the landfill on the "free day" pursuant to West Virginia Code § 22-15-7, they do not have to pay the fee.[3] We squarely addressed this issue in *Stamper* where we clarified "so that there is no misunderstanding as to the effect of this decision, even when a resident satisfies all of the prerequisites established within the Ordinance that would permit the private collection and disposal of refuse, the use of this alternative method of collection and disposal does not excuse the non-payment of the refuse service fee." 195 W.Va. at 690, 466 S.E.2d at 541. This is because "[a]n ordinance imposing a mandatory service fee on the collection and removal of residential refuse *regardless of actual use*, in order to prevent a health menace from imperiling an entire community, is a reasonable and valid exercise of the police powers[.]" Syl. Pt. 2, in part, *Id.* at 686, 466 S.E.2d at 537 (Emphasis added.). Therefore, we reject petitioners' first assignment of error.

Second, petitioners argue that, unlike the municipality in *Stamper*, a county does not have the same authority to enact a mandatory service fee for the collection of refuse. The Court finds this argument meritless because it is within the State's inherent authority to delegate its police power to both "counties and municipalities." *Butler v. Tucker*, 187 W.Va. 145, 151 n. 9, 416 S.E.2d 262, 268 n. 9 (1992). The Court notes that when it created county and regional solid waste authorities, the Legislature stated that its purpose was to "protect the public health and welfare."

---

constitute an alternative ground for affirming the circuit court's judgment in the instant case with regard to Petitioner Bernier because he was also a defendant in the prior case. *See* Syl. Pt. 4, *Abadir v. Dellinger*, 227 W.Va. 388, 709 S.E.2d 743 (2011) (requirements for collateral estoppel). However, because the circuit court properly granted summary judgment in the instant case, *see infra*, we need not address the issue.

[3] Under the MGDR's that became effective in December of 2006, use of the "free day" pursuant to West Virginia Code § 22-15-7 was added to Section 6.1 as permitting the waiver of the "green box" fee. Even before the new MGDR's went into effect, it appears that respondent waived the fee provided that the resident produced receipts showing that he utilized the "free day" every month in a fee period. Petitioner Bernier argues that proof of "free day" utilization for every month in a fee period was not required by West Virginia Code § 22C-4-10 until its amendment in 2007 and asserts that he has proof that he used the "free day" at least one month in the six-month period from July to December of 2006. A February 8, 2013, letter from respondent reflects that respondent denied Petitioner Bernier a waiver for that six-month period because there was no proof that Petitioner Bernier utilized the "free day" every month of that period. While Petitioner Bernier disagrees with respondent's interpretation of West Virginia Code § 22C-4-10 before it was amended, because the Legislature invested respondent with rule-making authority under West Virginia Code §§ 22C-4-1 to -30, this Court defers to respondent's interpretation that proof of "free day" utilization for every month in a fee period was required. *See* Syl. Pt. 7, *Lincoln Cnty. Bd. of Educ. v. Adkins*, 188 W.Va. 430, 424 S.E.2d 775 (1992) ("Interpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous.") (Internal quotations and citations omitted.).

W.Va. Code § 22C-4-1.

Third, petitioners assert that they are being deprived of equal protection of the laws because they are required to pay a fee for a service they do not use. In *Wetzel County Solid Waste Authority v. West Virginia Division of Natural Resources*, 195 W.Va. 1, 462 S.E.2d 349 (1995), this Court indicated fees with regard to waste disposal implicate only economic rights and, therefore, held that such regulation is accorded considerable deference. *See* Syl. Pt. 4, *Id.* at 2, 462 S.E.2d at 350. Therefore, in light of this deference, we find that our holding in *Stamper* disposes of petitioners' equal protection claim because a mandatory service fee for the collection of refuse, regardless of actual use, "is a reasonable and valid exercise of the police powers[.]" Syl. Pt. 2, in part, *Id.* at 686, 466 S.E.2d at 537.

Fourth, petitioners argue that the "green box" fee at issue in the instant case constitutes an impermissible tax under the West Virginia Constitution. *See* W.Va. Const., art. 5, § 1 (separation of powers) and art. 10, § 1 (equal and uniform taxation). In *Wetzel County Solid Waste Authority*, the Court noted that county and regional solid waste authorities have a duty to develop a comprehensive litter and solid waste control plan for their respective geographical areas and that the authorities also have rule-making authority under West Virginia Code §§ 22C-4-1 to -30. 195 W.Va. at 6-7, 462 S.E.2d at 354-55. Accordingly, the Court found that the solid waste assessment fee at issue in *Wetzel County Solid Waste Authority* constituted a fee used by a public agency to defray its regulatory costs. *Id.* at 7, 462 S.E.2d at 355. We find the same is true with regard to the "green box" fee at issue in the instant case.[4]

Finally, petitioners assert that respondent's decision to sue them for unpaid "green box" fees was *ultra vires* because members of respondent's board were dilatory in taking their oaths of office.[5] *See* W.Va. Code § 6-1-3 (state officers required to take oaths of office). At the December 12, 2012, hearing, the circuit court indicated that West Virginia Code §§ 22C-4-1 to -30—and not West Virginia Code § 6-1-3—governed the qualifications of members of a county solid waste authority and did not require the taking of oaths. Assuming, arguendo, that petitioners are correct that West Virginia Code § 6-1-3 governed, petitioners would still need to show that they were prejudiced by the tardiness of the board members' oath-taking. *See Kerns v. Wolverton*, 181 W.Va. 143, 149, 381 S.E.2d 258, 264 (1989). Petitioners do not dispute that a majority of the current board members had taken oaths of office by the time the instant case was filed.[6] Therefore, we

---

[4] Under petitioners' view of the "green box" fee, it is distinguishable from the solid waste assessment fee at issue in *Wetzel County Solid Waste Authority* because the "green box" fee is not based on actual usage. However, given our holding in *Stamper*, that distinction is not relevant to the pertinent analysis. *See* Syl. Pt. 2, 195 W.Va. at 686, 466 S.E.2d at 537.

[5] Respondent notes that by the time the instant case was filed in 2007, a majority of the current board members had taken oaths of office. The final board member took the oath in 2010.

[6] Rather, in her reply, Petitioner Elza goes further and suggests that because a majority of board members were not sworn until 2007, every action respondent took between its creation in 1989 up until 2007—a total of eighteen years—is null and void. We find that even if West Virginia

4

reject this assignment of error because there was no prejudice.

This Courts finds that all other arguments by petitioners are either (1) subsumed in the arguments already addressed; (2) irrelevant to whether petitioners owe unpaid "green box" fees; and/or (3) otherwise frivolous. The Court concludes that the circuit court correctly awarded respondent summary judgment because the record taken as a whole could not lead a rational trier of fact to find for petitioners.

WHETHER PRE-JUDGMENT INTEREST WAS APPROPRIATELY AWARDED

Petitioners Leyzorek and Bernier assert that respondent is not entitled to pre-judgment interest. Respondent counters that pre-judgment interest was properly awarded pursuant to West Virginia Code § 56-6-27 and accurately calculated in accordance with the relevant administrative order entered by this Court pursuant to West Virginia Code § 56-6-31(b). The award of pre-judgment interest is a matter of discretion. *See Ringer v. John*, 230 W.Va. 687, 690-91, 742 S.E.2d 103, 106-07 (2013) (West Virginia Code § 56-6-27 does not contemplate a mandatory award of interest). Petitioners Leyzorek and Bernier provide no basis on which we can find an abuse of discretion. Therefore, we do not disturb the circuit court's award of pre-judgment interest.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Pocahontas County and affirm the circuit court's October 18, 2013, order which directed the following judgments: (1) a judgment against Petitioner Bernier for $49 in unpaid "green box" fees for 2006, plus $150 in statutory penalties, plus costs and pre- and post-judgment interest; (2) a judgment against Petitioner Leyzorek for $498 in unpaid "green box" fees for 2001 through 2006, plus $900 in statutory penalties, plus costs and pre- and post-judgment interest; and (3) a judgment against Petitioner Elza for $498 in unpaid "green box" fees for 2001 through 2006, plus $900 in statutory penalties, plus costs and pre- and post-judgment interest.

Affirmed.

**ISSUED:** June 27, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

Code § 6-1-3 applied to respondent's board members, we would not interpret the statute to produce an absurd result such as the one Petitioner Elza advocates. *See Charter Comm'n VI, PLLC v. Cmty. Antenna Serv., Inc.*, 211 W.Va. 71, 77, 561 S.E.2d 793, 799 (2002).