IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

No. 11-1325

**FILED**

**April 2, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

RICHARD RINGER,
Defendant Below, Petitioner

v.

JOSEPH F. JOHN,
Plaintiff Below, Respondent

Appeal from the Circuit Court of Preston County
Honorable Larry V. Starcher, Special Judge
Civil Action No. 09-C-225

REVERSED AND REMANDED

Submitted:  February 5, 2013
Filed: April 2, 2013

William C. Brewer, Esq.                                   Peter D. Dinardi, Esq.
J. Tyler Slavey, Esq.                                       Morgantown, West Virginia
J. Brandon Shumaker, Esq.                             Attorney for Respondent
Brewer & Giggenbach, PLLC
Morgantown, West Virginia
Attorneys for Petitioner

The Opinion of the Court was delivered PER CURIAM.

SYLLABUS BY THE COURT

1.      "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."  Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

2.      "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."  Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

3.      "In an action founded on contract, a claimant is entitled to have the jury instructed that interest may be allowed on the principal due, *W.Va.Code*, 56-6-27 [1923], but is not entitled to the mandatory award of interest contemplated by *W.Va.Code*, 56-6-31 [1981], since this statute does not apply where the rule concerning interest is otherwise provided by law."  Syl. Pt. 4, *Thompson v. Stuckey*, 171 W.Va. 483, 300 S.E.2d 295 (1983).

Per Curiam:

The petitioner and counterclaim plaintiff below, Richard Ringer, appeals a final order of the Circuit Court of Preston County entered on August 18, 2011, denying his motion to amend the judgment order in this civil action for breach of contract and unjust enrichment. In this appeal, Mr. Ringer contends that the circuit court erred in determining the date of accrual for pre-judgement interest and also utilized an incorrect prejudgment interest rate. Upon consideration of the parties' arguments, the submitted record, and the pertinent authorities, the final order is reversed, and this case is remanded for further proceedings consistent with this opinion.

## I.  Factual and Procedural Background

This case arose out of 2007 verbal agreement entered into by Mr. Ringer and the respondent and counterclaim defendant below, Joseph F. John, to construct a subdivision on a parcel of land in Preston County.  Mr. John purchased the property for the subdivision and was going to finance the project.  Mr. Ringer, a contractor, was responsible for constructing roads and excavating the subject property.  Disagreements arose between the parties, however, and the subdivision was never completed.

1

In 2010, Mr. John filed this civil action against Mr. Ringer asserting that he had failed to make payments on an endloader that had been purchased for the project. Mr. John alleged that he had purchased the endloader to use in excavating the property and that Mr. Ringer agreed to buy it from him by making monthly payments. Mr. John claimed that Mr. Ringer had possession of the endloader and had not made all of the payments that were due. After Mr. John filed suit, Mr. Ringer filed a counterclaim against him for unjust enrichment based on the excavation services he performed on the subdivision property.

The case proceeded to trial in June 2011. The jury returned a verdict in favor of Mr. John with regard to the endloader. The jury also found in favor of Mr. Ringer with regard to his counterclaim and awarded him damages. In particular, Mr. Ringer was awarded $20,000 for stone; $5,000 for excavation services; $100 for a percolation test; $500 for the earnest money he put towards the purchase of the property; and $16,500 for the storage of topsoil for a total of $42,100. Thereafter, the court ruled that Mr. Ringer's damages were special damages[1] pursuant to West Virginia Code § 56-6-31 (2012)[2] and that he was entitled to prejudgment interest at a rate of 7% beginning on the date of accrual which the court determined was August 2, 2010, the date Mr. Ringer filed his counterclaim against Mr. John.

---

[1]This ruling was never appealed.

[2]West Virginia Code § 56-6-31(a) states, in pertinent part: "Special damages include lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures, as determined by the court."

2

On July 18, 2011, Mr. Ringer filed a motion to amend the judgment order contending that the court had erred in determining the date on which prejudgment interest began to accrue and had utilized an incorrect prejudgment interest rate. Mr. Ringer asserted that prejudgment interest begins to accrue on the date that a party first has a right to bring suit and not from the date that suit is actually filed. Mr. Ringer maintained that he had the right to bring a cause of action against Mr. John for unjust enrichment as of July 19, 2007, the date he last performed work on Mr. John's property. Mr. Ringer also argued that the applicable interest rate should be 9.75%, which was the interest rate for the calendar year of 2007 as established by this Court.[3]

---

[3]West Virginia Code § 56-6-31(b) provides, in pertinent part:

> The administrative office of the Supreme Court of Appeals shall annually determine the interest rate to be paid upon judgments or decrees for the payment of money and shall take appropriate measures to promptly notify the courts and members of the West Virginia State Bar of the rate of interest in effect for the calendar year in question. Once the rate of interest is established by a judgment or decree as provided in this section, that established rate shall thereafter remain constant for that particular judgment or decree, notwithstanding changes in the Federal Reserve District discount rate in effect in subsequent years.

On August 18, 2011, the circuit court[4] entered an order denying Mr. Ringer's motion to amend the judgment order.[5]  This appeal followed.

## II. Standard of Review

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."  Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).   In this case, we are asked to resolve questions of law with regard to the way that prejudgment interest is calculated.  Pursuant to syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995),  "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."  *See also State Farm Mut. Auto Ins. Co. v. Rutherford*, 229 W.Va. 73, 726 S.E.2d 41 (2011) (explaining that determining amount of prejudgment interest on judgment is question of law requiring *de novo* review).  With this standard in mind, we consider the issues presented in this case.

---

[4]This case was tried before the Honorable Lawrance S. Miller, Jr., Judge of the Circuit Court of Preston County, but the post-trial motions were ruled upon by the Honorable Larry V. Starcher, sitting as a Special Judge in this matter.

[5]In the same order, the court denied Mr. John's Motion for a New Trial and granted, in part, and denied, in part, Mr. John's Motion for Stay of Execution/Ruling on Topsoil.  Mr. John did not appeal those rulings.

4

In this case, we are asked to determine whether the trial court properly awarded prejudgment interest.  The trial court found that Mr. Ringer was entitled to prejudgment interest on his award of damages for his unjust enrichment claim pursuant to West Virginia Code § 56-6-31(a), which provides, in pertinent part:

> Except where it is otherwise provided by law, every judgment or decree for the payment of money, whether in an action sounding in tort, contract or otherwise, entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, That if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of special or liquidated damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued, as determined by the court and that established rate shall remain constant from that date until the date of the judgment or decree, notwithstanding changes in the federal reserve district discount rate in effect in subsequent years prior to the date of the judgment or decree.

As discussed above, Mr. Ringer asserts that the trial court erred by finding that prejudgement interest began to accrue on the date he filed his counterclaim against Mr. John and, consequently, applied an incorrect prejudgment interest rate.

Upon review of the submitted record, we find that the trial court erred by applying West Virginia Code § 56-6-31 in the first instance.  The record reflects that this case was prosecuted as a breach of contract.  While Mr. Ringer's counterclaim was framed in terms of unjust enrichment, it is, nonetheless, an action founded on contract.  *See Realmark*

5

*Developments, Inc. v. Ranson*, 214 W.Va. 161, 164, 588 S.E.2d 150, 153 (2003) (explaining that unjust enrichment, sometimes referred to as restitution, is a contract implied in law or a quasi-contract).  West Virginia Code § 56-6-27 (2012), rather than West Virginia Code § 56-6-31, provides for prejudgment interest in actions founded on contract.  In that regard, this Court has previously held:

> In an action founded on contract, a claimant is entitled to have the jury instructed that interest may be allowed on the principal due, *W.Va.Code*, 56-6-27 [1923], but is not entitled to the mandatory award of interest contemplated by *W.Va.Code*, 56-6-31 [1981], since this statute does not apply where the rule concerning interest is otherwise provided by law.

Syl. Pt. 4, *Thompson v. Stuckey*, 171 W.Va. 483, 300 S.E.2d 295 (1983).  West Virginia Code § 56-6-27 states:

> The jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and in all cases they shall find the aggregate of principal and interest due at the time of the trial, after allowing all proper credits, payments and sets-off;  and judgment shall be entered for such aggregate with interest from the date of the verdict.

In *Stuckey*, the plaintiff was hired by a landowner to prepare a plot of land as a mine site.  The plaintiff undertook the work on the basis of an oral promise from the land owner to pay him $1200 per month plus a bonus of ten cents per ton of coal mined once the mine became operational.  In the event the mine was sold, the landowner promised that the plaintiff would receive a minimum of $100,000.  The plaintiff was paid regularly for his work at the monthly rate, but the mine was sold before production started.  When the plaintiff

6

did not receive his $100,000 bonus, he filed suit against the landowner. The plaintiff was successful at trial and the defendant landowner filed an appeal. The plaintiff cross-assigned as error the trial court's refusal to instruct the jury that it could award prejudgment interest. In finding that the trial court had erred in that regard, this Court explained:

> *W.Va.Code*, 56-6-27 [1923] provides that "[t]he jury, in any action founded on contract, may allow interest on the principal due…", and *W.Va.Code*, 56-6-31 [1981] provides that "[e]xcept where it is otherwise provided by law, every judgment or decree for payment of money entered by any court of this State shall bear interest from the date thereof. . . : Provided, that if the judgment or decree, or any part thereof, is for special or liquidated damages, the amount of such liquidated changes shall bear interest from the date the right to bring the same shall have accrued. . . ." Since this action was "founded on contract," we consider *Code*, 56-6-27 [1923] to apply to the matter of prejudgment interest, and not *Code*, 56-6-31 [1981], which by its own terms only applies where the rule concerning interest is not otherwise provided by law.[6]

171 W.Va. at 488, 300 S.E.2d at 300 (footnote added); *see also CMC Enterprise, Inc. v. Ken Lowe Mgmt. Co.*, 206 W.Va. 414, 418, 525 S.E.2d 295, 299 (1999) (explaining that West Virginia Code § 56-6-27 is the general authority for awarding prejudgment interest in contract actions); *City Nat'l Bank of Charleston v. Wells*, 181 W.Va. 763, 778, 384 S.E.2d

---

[6]When this Court decided *Stuckey,* West Virginia Code § 56-6-31 did not include the language "whether in an action sounding in tort, contract or otherwise." This language was added when the statute was amended in 2006. Despite the insertion of this language, the phrase "[e]xcept where it is otherwise provided by law" was retained. Accordingly, we do not find that this statutory amendment provides any basis to revisit our holding in *Stuckey*.

7

374, 389 (1989) (observing that W.Va.Code 56-6-31 does not specifically apply to contract actions).

Having found that the trial court erred by awarding Mr. Ringer prejudgment interest pursuant to West Virginia Code § 56-6-31, instead of allowing the jury to determine whether an award of prejudgment interest was warranted as provided by West Virginia Code § 56-6-27, we reverse the final order of the circuit court to the extent it denied Mr. Ringer's motion to amend the judgment order. We further remand this case for reconsideration of the amount of prejudgment interest owed to Mr. Ringer in accordance with West Virginia Code § 56-6-27.[7]

## IV. Conclusion

For the reasons set forth above, the final order of the Circuit Court of Preston County entered on August 18, 2011, is reversed insofar as it denied Mr. Ringer's motion to amend the judgment order, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

---

[7]Because we have determined that West Virginia Code § 56-6-27 applies to this case, it is unnecessary to address Mr. Ringer's second assignment of error, which related to the interest rate applicable to prejudgment interest awarded pursuant West Virginia Code § 56-6-31.

8