STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **A.S.-1, L.S., A.S.-2, B.C., B.R., C.R., I.S., D.S., and M.S.**

**No. 16-1215** (Mercer County 15-JA-109-WS, 15-JA-110-WS, 15-JA-111-WS, 15-JA-112-WS, 15-JA-114-WS, 15-JA-115-WS, 15-JA-116-WS, 15-JA-117-WS, & 15-JA-118-WS)

## MEMORANDUM DECISION

Petitioner Father A.S.-3, by counsel Gerald Linkous, appeals the Circuit Court of Mercer County's December 5, 2016, amended order terminating his parental, custodial, and guardianship rights to four children (A.S.-1, L.S., A.S.-2, and B.C.) and his custodial rights to two other children (B.R. and C.R.).[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ward Morgan, filed a response on behalf of the children in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating his rights to the children without providing him a meaningful improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure. However, as discussed below, this matter is remanded to the circuit court for entry of an amended order providing findings of fact and conclusions of law as to the disposition of three of the subject children—I.S., D.S., and M.S.

In July of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner abused alcohol; was violent with one of the children's mothers while the children were present;

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, as two of the children and petitioner share the same initials, we use numbers (A.S.-1, A.S.-2, and A.S.-3) to distinguish them in this memorandum decision.

[2]We note that the guardian failed to follow Rule 11(i) of the West Virginia Rules of Appellate Procedure, which requires all briefs in abuse and neglect cases to contain a section on the current status and permanency plans of the children and the current status of the parental rights of all the children's parents. We further note that petitioner's brief and the DHHR's response purport to include Rule 11(i) sections, but they fail to include all necessary information regarding the children's permanency plans and the status of the parents "of all the children[.]"

was arrested in the Commonwealth of Virginia for obstruction of justice, resisting arrest, obscenity, public intoxication, disorderly conduct, and battery; permitted two of his children to miss excessive days at school; and, while intoxicated, gave one of the children a knife with instructions to "cut" the other children.

In October of 2015, the circuit court held an adjudicatory hearing. At that time, petitioner stipulated to the allegations in the petition. The circuit court accepted the stipulations, and petitioner was adjudicated as an abusing parent. Thereafter, petitioner agreed to submit to a psychological evaluation. It is unclear from the record on appeal when petitioner submitted to a psychological evaluation, but a report from that evaluation was produced.[3]

In February of 2016, the circuit court granted petitioner's motion for a post-adjudicatory improvement period. In addition to other terms of his improvement period, petitioner was directed to follow the recommendations set forth in his psychological evaluation report. Under the terms of his improvement period and the recommendations of his psychological evaluation report, petitioner was to submit to drug screens; avoid alcohol consumption; participate in batter's intervention classes; participate in parenting and adult fitness classes; and not to violate any terms of his criminal proceedings.[4] Shortly after his improvement period began, petitioner violated his home incarceration due to alcohol consumption and other alcohol-related issues, and he was incarcerated in April of 2016. He appears to have been released from incarceration the following month.

In August of 2016, the circuit court held a dispositional hearing. At that hearing, a probation officer testified that petitioner's criminal bond was revoked for violation of the terms thereof, and he was incarcerated. Petitioner's psychologist testified that petitioner was presently unfit to parent his children. According to the psychologist, petitioner would require treatment for his alcohol addiction and "a long-term psychotherapeutic approach . . . to address the symptoms of a personality disorder." The psychologist further testified that he did not think petitioner would be successful in intensive psychotherapy given his condition. The psychologist explained that he "can say that the prognosis is poor, that the treatment requirements are extensive, [and] that [petitioner's] history would reflect an absence of an ability to stick with anything that's difficult or challenging." Due to the length of the hearing, the circuit court continued the matter for a second dispositional hearing at a later date.

In October of 2016, the circuit court held the final dispositional hearing. A home incarceration officer testified that petitioner was on home incarceration for approximately seven months in 2015 and 2016, and he had several violations related to alcohol consumption. In March of 2016, petitioner tested positive for alcohol twice, and three cans of alcohol were found in his home in April of 2016. The home incarceration officer stated the petitioner was removed from home incarceration and incarcerated due to those violations. A DHHR worker testified that petitioner was arrested for public intoxication in late August of 2016 in Virginia. Further, in his

---

[3]Petitioner's psychological evaluation report is not included in the record on appeal.

[4]The details of petitioner's criminal proceedings are not clear from the record on appeal.

testimony, petitioner admitted to having alcohol and anger problems. He stated that he needed help and wanted to be in his children's lives.

The DHHR and guardian recommended termination of petitioner's rights to the children. Petitioner argued that the DHHR failed to make reasonable efforts to provide him services after he was released from incarceration following his arrest in April of 2016. For that reason, petitioner moved for additional time to continue on an improvement period. In denying petitioner's motion for more time, the circuit court found that the DHHR provided petitioner with services until such time as he violated the terms of home incarceration and was incarcerated, thus violating the terms of his improvement period. The circuit court entered a dispositional order in November of 2016 terminating petitioner's parental, custodial, and guardianship rights to four children (A.S.-1, L.S., A.S.-2, and B.C.) and his custodial rights to two other children (B.R. and C.R.).[5] On December 5, 2016, for reasons not relevant to this appeal, the circuit court entered an amended dispositional order. Both orders listed the names and case numbers for nine children—A.S.-1, L.S., A.S.-2, B.C., B.R., C.R., I.S., D.S., and M.S. It is from the amended dispositional order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

_____

[5]According to the record on appeal, petitioner had eight biological children and two custodial children. One of petitioner's biological children (K.S.) reached the age of majority during these proceedings and is not at issue in this appeal. A.S.-1 currently resides in a foster home with the permanency plan of adoption by those foster parents. L.S. also currently resides in a foster home (a different foster home than A.S.-1) with the permanency plan of adoption by those foster parents. A.S.-2 and B.C. are permanently placed with Tina D, their mother. C.R. is permanently placed with his father, Joseph R., and Joseph R. was also granted permanent legal and physical custody of B.R. (also referred to as B.J. below). I.S. resides with custodians who intend to adopt her. Those custodians have had physical custody of I.S. for more than eight years. D.S. currently resides in a juvenile facility due to his criminal sexual abuse of another child. D.S. is expected to remain in that facility until he reaches the age of majority. M.S. is permanently placed with his mother, Margaret S.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children when he was not provided a meaningful improvement period. In support of his argument, petitioner relies upon our holding in *State ex rel. W.Va. Dept. of Human Serv. v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987), superseded by statute, West Virginia Code § 49-4-610, as recognized in *State ex. rel Virginia M. v. Virgil Eugene S.*, 197 W.Va. 456 n.9, 475 S.E.2d 548 n.9 (1996).[6] In *Cheryl M.*, we reversed the termination of a parent's parental rights to her child because she did not receive a meaningful improvement period and because the evidence did not satisfy the standard for termination.

In so doing, this Court explained that when an improvement period is authorized, a family case plan shall be prepared that "clearly set[s] forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." *Id.* at 688-89, 356 S.E.2d at 181-82, syl. pts. 3 and 5. It was a critical fact in *Cheryl M.* that "the [circuit] court took no formal action to order an improvement period and, as a consequence, there was never any court-approved family case plan as required by W[est] V[irginia] Code [§] 49-6D-3(b) [now West Virginia Code § 49-4-408]."

While petitioner compares this case to that of *Cheryl M.*, we find them both factually and legally distinguishable. Unlike *Cheryl M.*, petitioner here does not contend that he was denied an improvement period or that he lacked a clear understanding of the goals he was to accomplish to correct the conditions of abuse and neglect. Moreover, he does not contend that the DHHR failed to file a family case plan, although he argues that its filing was delayed.

In this case, we do not find that petitioner was denied a meaningful improvement period. First, petitioner had an understanding of the goals of his improvement period from its inception, and a family case plan setting forth those goals was filed. Following petitioner's psychological evaluation, the psychologist clearly set forth the first goal of any improvement period granted to petitioner: to address his alcohol addiction. The psychologist also set forth other necessary treatment for petitioner. When petitioner was granted an improvement period in February of 2016, the parties had a clear understanding of what petitioner had to accomplish to successfully complete it. Shortly thereafter, petitioner was found to have consumed alcohol several times in violation of both his home incarceration and the terms of his improvement period. He was then incarcerated in April of 2016.

---

[6]As noted in its citation, *Cheryl M.* was superseded by a revision to West Virginia Code enacted in the 1990s, as recognized in *State ex rel. Virginia M. v. Virgil Eugene S.*, 197 W.Va. 456 n.9, 475 S.E.2d 548 n.9 (1996). The statutory revision shifted the burden regarding improvement periods in abuse and neglect proceeding from the court (which previously had to show a reason to deny an improvement period) to the parent (who must now show a likelihood to comply with an improvement period). Petitioner argues that a portion of *Cheryl M.*'s holding remains applicable to abuse and neglect law, and he relies upon that portion. As we distinguish *Cheryl M.* from the circumstances of this case, we need not address the extent to which *Cheryl M.* remains good law.

Further, we disagree with petitioner's argument that his improvement period was rendered meaningless by the DHHR's failure to provide him additional services after his release from incarceration. To the contrary, petitioner was provided a meaningful improvement period, which he pursued with clearly defined terms, until such time as he willfully violated those terms. While the dispositional hearing did not occur for approximately three months following his release from incarceration, the DHHR's failure to provide services to petitioner in that time does not rise to the level of reversal error in the circuit court's termination order. As such, we find that termination was proper under the circumstances of this case.

Having resolved petitioner's assignment of error, we turn to an issue that appears on the record and with which we are troubled.[7] The circuit court's December 5, 2016, amended order does not provide findings of fact or conclusions of law as to three of the children at issue in this case—I.S., D.S., and M.S. *See* W.Va. R. Proc. for Abuse and Neglect P. 36(a) (requiring findings of fact and conclusions of law, in writing or on the record, at the conclusion of the disposition hearing). Petitioner was adjudicated as an abusing parent or custodian of ten children. One of those ten children, K.S., reached the age of majority and was dismissed from the proceedings, leaving nine children at issue. At the conclusion of the dispositional hearings, which related to the disposition of all nine children, the circuit court made findings of fact and conclusions of law as to only six of those nine children. Those findings and conclusions were made on the record and in the circuit court's subsequent written order, but in both places, they expressly relate only to six of the nine children. Therefore, petitioner's disposition as to three children was unresolved after the dispositional hearings in this case.

Further, the record on appeal and the parties' briefs do not adequately discuss or explain this glaring omission.[8] In this case, dispositional hearings have been held as to all of the subject

---

[7]As we recently noted in *In re Timber M.*, 231 W.Va. 44, 60, 743 S.E.2d 352, 368 (2013):

[T]his Court has previously addressed matters not raised in the appeal of cases involving the welfare of children. *See In re Jonathan Michael D.*, 194 W.Va. 20, 27, 459 S.E.2d 131, 138 (1995) ("On the issue of the improvement period, we *sua sponte* address an issue of particular concern to this Court."); *In re Jamie Nicole H.*, 205 W.Va. 176, 183, 517 S.E.2d 41, 48 (1999) ("While Appellant has not raised the sufficiency of the trial court's dispositional order, we address this issue *sua sponte*."). *Cf. In re K.R.*, 229 W.Va. 733, 744 n. 23, 735 S.E.2d 882, 893 n. 23 (2012) ("While neither party assigned this specific ruling as error, this does not affect this Court's ability to determine it to be error: [I]t is within the authority of this Court to "*sua sponte*, in the interest of justice, notice plain error." *Cartwright v. McComas*, 223 W.Va. 161, 164, 672 S.E.2d 297, 300 (2008) (quoting Syl. Pt. 1, in part, *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998).")); *Ringer v. John*, 230 W.Va. 687, 742 S.E.2d 103 (2013) (Court deciding case on the basis of an issue not raised by the parties).

[8]While the record does not shed much light on the omission, there is an entry on the docketing sheet for I.S. that details an order made by the circuit court following its permanency

children, and a dispositional order was entered. However, because no dispositional findings of fact or conclusions of law were made on the record or in the written dispositional order as to I.S., D.S., and M.S., we remand this matter to the circuit court for the entry of an amended order making dispositional findings of fact and conclusions of law as to those three children, as set forth in West Virginia Code § 49-4-604(b) and Rule 36 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

For the foregoing reasons, we find no error in the circuit court's order terminating petitioner's parental, custodial, and guardianship rights to A.S.-1, L.S., A.S.-2, and B.C. and his custodial rights to two B.R. and C.R. Therefore, the circuit court's December 5, 2016, amended order is hereby affirmed as to its rulings on petitioner's rights to those children. However, with respect to I.S., D.S., and M.S., this matter is remanded to the circuit court for entry of an amended order as set forth above.

Affirmed and remanded.

**ISSUED**:  June 19, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

review hearing held in January of 2017. According to that entry, the guardian was ordered to move to modify the dispositional order to include findings for I.S. for the purpose of allowing that child to be adopted. The entry further provides that the circuit court found at that hearing that D.S. had reached the age of majority in 2016, and, thus, D.S. was dismissed from the case. If such a finding was made, it is clearly wrong. D.S. does not reach the age of majority until his birthday in 2017. Further, M.S. is not addressed in the docketing sheet's entry. Finally, we note that nothing in the record on appeal shows that any modification was made as to I.S. or any other child.